## No. 862.

### JULIE GUILBEAU, widow, etc., v. PIERRE S. WILTZ et als.

On the nineteenth of June, 1873, P. S. Wiltz obtained from the district court in St. Landry an order of seizure and sale against a certain piece of property. On the twenty-first, notice thereof was served on the plaintiff, administratrix of the estate of the deceased owner of the mortgaged property, and the seizure was made on the twenty-fourth of the same month, a keeper was put in possession and notice of the seizure served on the plaintiff and administratrix. The property was subsequently sold and adjudicated to P. S. Wiltz & Co. on the sixth September, 1873.

On the twenty-fourth of June, 1873, the probate court of St. Landry homologated the deliberations of a meeting of the creditors of the deceased convoked on the petition of the administratrix, and held on the twentieth of June, 1873. The judgment of homologation ordered the sale of all the property of the estate, including that in dispute here, and which was then actually in the jurisdiction of the district court. Under this order the said property was adjudicated to the plaintiff and administratrix on the thirty-first of July, 1873:

Held—That the mortgage creditor had the right to go into the district court to have the mortgaged property sold. That court having been seized of jurisdiction of the property, the order of the probate court was ineffectual to divest that jurisdiction, and the sale thereunder to the defendants and appellants was not the sale of the property of another, as contended by the plaintiff and appellee. On the contrary, the sale under the order of probate conveyed no title.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *Joseph H. Moore*, for plaintiff and appellee. *Bailey & Estilette*, for defendants and appellants.

HOWELL, J. The plaintiff, widow of Oscar Buillard, sues to annul a sale of land made by the sheriff to the defendants under executory proceedings instituted by one of the latter.

The material facts are: On nineteenth June, 1873, P. S. Wiltz ob-

tained from the district court in St. Landry an order of seizure and sale against the property in question. On twenty-first same month notice thereof was served on the plaintiff, administratrix of the deceased owner of the mortgaged property, and the seizure thereof was made on the twenty-fourth of same month, a keeper or guardian put in possession, and notice of the seizure served on the plaintiff and administratrix. The property was advertised to be sold on the second August, 1873, but there being no bid it was readvertised to be sold at twelve months' credit on sixth September following, when it was adjudicated to the defendants, P. S. Wiltz & Co.

On the twenty-fourth June, 1873, the probate court of St. Landry homologated the deliberations of a meeting of the creditors of the deceased convoked on the petition of the administratrix, and held on twentieth June, 1873. The judgment of homologation ordered the sale of all the property of the estate, including that in dispute here, and which was then actually in the jurisdiction of the district court. Under this order the said property was adjudicated to the plaintiff and administratrix on thirty-first July, 1873.

The defendants make the following points:

*First*—The ordinary jurisdiction being seized of the matter, could not be ousted by any subsequent exercise of the probate jurisdiction, both jurisdictions being equally competent.

*Second*—The proceedings culminating in the probate decree of twenty-fourth June, 1873, were inchoate on nineteenth of June, when the executory process issued; and they were *ex parte*, it not appearing that P. S. Wiltz, the mortgage creditor, who took out the said executory process, was either notified of the order of court convoking the meeting of creditors or present at said meeting. " *De non apparentibus et de non existentibus eadem est lex.*"

*Third*—At the date of the probate sale, under which appellee claims, the property in dispute was in the custody of the sheriff, under the writ issuing at the suit of Pierre S. Wiltz in his executory proceedings.

*Fourth*—The adjudicatee at the probate sale provoked by Julie Guilbeau, administratrix, was Julie Guilbeau herself, upon whom, on twenty-first June, 1873, notice of the order of seizure and sale issuing out of the district court, at suit of P. S. Wiltz, was served, and it is contended that the plaintiff in the executory proceeding had the right entirely to disregard the probate sale and the proceedings preceding the same.

We think the points and conclusion of the appellants well made and sustained by the law. The mortgage creditor had the right to go into the district court to have the mortgaged property sold, and that court having been seized of jurisdiction of the property, the order of the

probate court was ineffectual to divest that jurisdiction, and the sale thereunder to the appellants was not the sale of the property of another, as contended by the appellee. On the contrary, the sale under the order of probate conveyed no title.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the demand of the plaintiff be rejected, and the defendants, Pierre S., Patrick S. and Louis A. Wiltz, be decreed the owners of the property described in plaintiff's petition, and purchased by them at sheriff's sale on sixth September, 1873. Costs of both courts to be paid by plaintiff.

Rehearing refused.