Walmsley et al. vs. Levy.

No. 9155.

H. A. WALMSLEY, EXECUTOR, ET AL. VS. CATHERINE E. LEVY, EXECUTRIX

CATHERINE E. LEVY, EXECUTRIX, VS. S. P. RAINES, SHERIFF, ET ALS.

(Consolidated.)

A mortgage creditor can proceed *via executiva* to enforce his claim, nothwithstanding the death of the mortgagor, and even though the property is under administration.

If he does not thus proceed, the executor may obtain an order of sale in the mortuary proceedings as the representative of all the creditors.

But the mortgage creditor cannot be forced to submit to a sale of fractional parts of the mortgaged property, nor can he be compelled to run the risk of diminishing its saleable value, by submitting to a sale in lots and on credit on the theory that, if sold piecemeal, the property will realize more than if sold in block and for cash.

If the executrix has been forced to give security for the mortgage debt at the instance of the party holding it, he is protected against all contingencies, and cannot complain if the sale proceeds under her order, where the terms and mode of sale have been changed to conform to his demands.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*Jack & Dismutes* for the Appellees.

*Watkins & Scarborough* for the Appellant.

The opinion of the Court was delivered by

MANNING, J. These suits are cross-injunctions.

Mrs. Levy, as executrix of her husband's will, obtained on November 8, 1882, an *ex parte* order of sale of the succession property to pay debts, the terms being one-third cash and the residue on one and two years' credit, the land to be sold in lots of one hundred acres or less. The sale was advertised to take place on December 13th. The Walmsleys obtained, on December 8th, an order of seizure and sale of the same property, in block, to pay a special mortgage overdue. On the 11th, they injoined the sale under the order in the succession proceedings, and on the same day Mrs. Levy injoined the sale under the executory process.

The single question is which order shall prevail.

In the Walmsley injunction the sweeping allegation is made that the succession is "notoriously and confessedly insolvent." Mrs. Levy denies this and avers that the sale, as ordered by the court on her petition, will realize a sufficient sum to pay all the debts of the deceased, and that the execution of the order of seizure and sale will result in a ruinous sacrifice.

The judge perpetuated Mrs. Levy's injunction, and maintained her order of sale, altering the terms so as to require the Smith plantation to be sold in block and for cash. Both parties appeal.

The inventory appraisement of the property is $32,880 39, and the acknowledged debts amount to $22,284 92. The mortgage claim of the Walmsleys, including interest to December, 1882, and attorneys' fees, is $13,895 15, and they have compelled the executrix to give security for a sum exceeding their debt by one-fourth. The witnesses, touching the value of the Smith place—the bone of contention—vary greatly, W. B. Walmsley fixing it at $10,000 and C. H. Levy at $30,000. The inventory of September, 1882 has that place appraised at $18,000, and after it had been divided into lots preparatory to the sale under the succession order, it was re-appraised by lots in sum total $15,688 70— a result unfavorable to the theory that it was worth more and would bring more if sold in lots than in block. For it was but theory after all, and nothing but the actual event of sale can test the correctness of the witnesses' opinions upon that matter.

A mortgage creditor has an undoubted right to proceed *via executiva* notwithstanding the death of the mortgagor, and to enforce his process against the mortgaged property even when it is under administration. Gally vs. Powling, 30 A. 323; Lamorere vs. Suc. Cox, 32 A. 246. If he does not proceed *via executiva*, nor by application in the mortuary proceedings, the executor may initiate and perfect the sale by obtaining an order therefor as the representative of all the creditors. Suc. Hood, 33 A. 470. But he cannot be forced to submit to a sale of fractional parts of the property since his right attaches to the whole, Lallande vs. McRae, 16 A. 195; Hughes vs. Patterson, 23 A. 681; nor can he be compelled to run the risk of diminishing the saleable value of the mortgaged property by submitting to a sale, other than his mortgage contemplates, on the theory that the property if sold piecemeal will bring the amount of his mortgage, or bring more than if sold as an entirety. The figures already stated show the Walmsley mortgage debt, with interest added to the present time, is only a little below the new appraisement of the sub-divided lands. The lower judge was therefore correct in altering the terms of sale, upon the demand of the mortgage creditor, so that the Smith plantation shall be sold in block and for cash.

We do not find it necessary to say here, authoritatively, whether the precedence in point of time of the order of sale in the *mortuaria* is determinative of the question, which order shall prevail. The dictum in

Poutz vs. Bistes, 15 A. 636 is seemingly based on the embarrassment which would be produced by a conflict of jurisdiction. Such embarrassment could not exist in this case. The lower judge maintained the creditor's injunction so far as to prohibit the sale proceeding on the terms first prescribed, and dissolved it as to the absolute prohibition of sale under the order in the *mortuaria,* and ordered that sale to proceed. The only reason for a modification of that judgment must be that the creditor prefers to be the instrument, through the sheriff, of making the sale, and distrusts the fidelity of the executrix in accounting for the funds. He has provided for this contingency by obtaining special security for himself, and it matters not under that state of facts therefore, whether the executrix make the sale under her order or that it be made under his process.

Judgment affirmed.