Remick vs. Lang.

## No. 11,628.

### FRANK C. REMICK VS. JOHN H. LANG.

The defendant in the jactitation suit, who sets up title, assumes the burden of proof of the plaintiff in the petitory action. 9 Martin, 715; 4 An. 90; 35 An. 856.

The plaintiff in the petitory action, met by defendant's assertion of a tax title, may without pleading controvert its effect. 11 An. 546; 3 La. 392; 2 Hennen's Digest, 1155.

Neither the purchaser of property adjudicated to him under the act of the Legislature, No 82 of 1884, nor those who hold under him can assert titles, unless the taxes levied subsequent to 1879 have been paid. Act No. 82 of 1884, 42 An. 677.

Hence, without such payment, such purchaser, or those holding under him, have no right to question the redemption of the property from the State by the owner, who, paying all taxes due, holds the rede nption certificates, releasing all claims of the State.

Least of all can such purchaser, or those holding under him without title, because of non-payment of the taxes on which the title depended, invoke the prescriptions supporting tax titles.

*Watkins, J., concurring*—The purchaser at the tax sale had assumed to pay the taxes due since 1880, as part of the purchase price; having failed to do this, he did not acquire title.

The owner paying the taxes, on the default of the purchaser, acts for his own account: he was under no obligation to pay and keep down taxes for the benefit of the purchaser at the tax sale.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Frank L. Richardson, W. S. Parkerson, Dart & Kernan* for Plaintiff and Appellant.

The record shows that defendant bought from Perkins, who held without warranty from Orloff Lake, the original tax adjudicatee. That he was represented by the same agent and attorney that

represented Perkins. That the answer of defendant Lang sets up as an excuse for not complying with the adjudication, that he could not pay the tax-s without paying the costs and charges demanded by the tax collector. Defendant, in his pleading, takes the position of Orloff Lake. He acquired nothing more nor less than the rights of adjudicatee who has never complied with his bid under Act 82 of 1884.

Under Act 82 of 1884, "the tax collector is not authorized to issue a deed to the adjudicatee until the taxes subsequent to the year 1880, assumed by him, are paid. Until then the title to the property remained in the State."

Martinez vs. State Tax Collector, 42 An. 677, where a purchaser under Act 82 of 1884 expressly assumes the payment of all taxes, costs and charges upon the property adjudicated, and on failure to do so, and the property is reoffered for sale, and the former owner has acquired the possession of the property and paid the taxes, the purchaser at the tax sale will be estopped from denying the validity of these charges which he has assumed, and which the law required him to assume and pay. *Ibid.*

To recover against a defendant in a petitory action, who is not a mere trespasser, but holds under deeds on their face translative of property, plaintiff must make out a better title. Peck vs. Bemiss, 10 An. 190; Dinkgrave vs. Sloan, 13 An. 383.

In a petitory action defendant in possession may set up any outstanding title, whether vested in him or not. 11 R. 233; Bedford vs. Urquhart, 8 An. 247.

Where defendant does not show that he or his authors have ever exercised ownership, or taken possession, or paid taxes, the title produced by him, consisting of a sheriff's deed, was clearly insufficient. Sully vs. Spearing, 40 An. 559; Lambert vs. Craig, 45 An. 1100; Landry vs. Landry, 45 An. 1113.

An owner of property may buy an outstanding title without recognizing its validity. Watkins vs. Gibbins, 10 An. 142.

There may be a permissive redemption after the period fixed by. law, and whether a certain transaction is intended for a redemption or sale is a question for the jury. Blackwell on Tax Titles, p. 431; Philadelphia vs. Miller, 49 Pa. 440.

Where one in an action for a jactitation of title has assumed the position of plaintiff in a petitory action, he must recover on the

strength of his own title and not the weakness of that of defendant in possession, and he has no right to question the right of the State in accepting payment of its taxes and giving a release of its claim. Peek vs. Bemiss, 10 An. 160; Dinkgrave vs. Sloan, 13 An. 393; Choppin vs. Mitchell, 11 R. 233.

When defendant in a suit for slander of title fails to have the question of possession *vel non* determined *in limine*, and on the merits sets up title and possession in himself, the question of possession is waived, and defendant assumes the burden of proving that he is the owner of the property in dispute—*i. e:*, he occupies the position of plaintiff in a petitory action. 9 M. 714; 11 An. 174; 35 An. 356.

If the owner of a tax title is plaintiff in a petitory action, the burden of proof is on him to show that his title is not only *prima facie* valid, but that it is absolutely so. C. P., Art. 44; Saunders on Taxation, p. 313; Delaroderie vs. Hillen, 28 An. 537; Rapp vs. Lowry, 30 An. 1272; Waddill vs. Walton, 42 An. 766; Lambert vs. Craig, 45 An. 1112.

Where plaintiff in a petitory action fails to make out title in himself to the property claimed, it does not concern him to have the defendants' title tested. 28 An. 538; Reinach vs. Duplantier, 46 An. 151.

Where property was adjudicated to the State under Act 96 of 1882, and afterward sold under Act 82 of 1884, the purchaser acquired title only when he paid the taxes which he assumed. Until these conditions are complied with, the title remains in the State. State *ex rel* Martinez vs. Tax Collectors and City, 42 An. 677.

The remedy of the State for the collection of the taxes due her on property sold to her for taxes subsequent to 1880, which was afterward adjudicated under Act 82 of 1884, in cases where the adjudicatee failed to comply with the terms and conditions of his bid, is by sale of the property under Act 80 of 1888. *Ibid.*

In such instances, the adjudicatee, under Act 82 of 1884, was without right to prevent the advertisement and offer under Act 80 of 1888; *a fortiori*, is he not competent to claim the ownership of the property after the offer is made and the property returned to the State as unsold property, for sale by the auditor under Sec. 3 of the Act of 1888 and the same disposed of by the

auditor.   *Ibidem; ·Multa fieri prohibentur, quae, si facta fuerint obtinent firmitatem.*

In cases where property has been adjudicated to the State for unpaid taxes and no third person has acquired rights therein, and the auditor has allowed the former owner to redeem upon the payment of all taxes, interest, damages and costs, after the time allowed by the Statute for redemption has expired, the auditor's right to allow redemptions in such cases will be sustained. Black on Tax Titles, last edition, Sec. 354; 4 Pa. 13; 61 Pa. 410; 115 Pa. 461.

*E. Howard McCaleb* and *J. Zach. Spearing* for Defendant and Appellee:

An action to invalidate a tax sale made by virtue of any law of this State is barred by the prescription of three years.   Act 1874, No. 105, Sec. 5; Barrow vs. Wilson, 39 An. 404; McDougall vs. Monlezun, *Ibid*, 1009; Surget vs. Newman, 43 An. 873; Smith vs. City, *Ibid*, 726; Robinson vs. Williams, 45 An. 485.

Informalities in tax sales are cured by the prescription of five years. R. C. C., Art. 3543; Kent vs. Brown & Learned, 38 An. 809; Munholland vs. Scott, 33 An. 1045; Robert vs. Zansler, 34 An. 209; Stille vs. Shull, 41 An. 816; Robinson vs. Williams, 45 An. 492.

A petition to annul a tax sale made under Act 82 of 1884, which fails to allege the absence of, or non-compliance with the essential prerequisites to a tax sale under said act, discloses no cause of action.   *In re* Orloff Lake, 40 An. 142; *In re* Douglas, 41 An. 765; Martin vs. Langenstein, 43 An. 789.

The former owner of property sold under Act 82 of ·1884 for unpaid taxes can not set up, as cause for annulling the sale, that the tax purchaser has failed .to pay to the State the taxes for the year 1880 and subsequent years; as to such former owner the sale is absolute.   Martinez vs. Tax Collector, 42 An. 685.

The year during which the former owner of property could have redeemed property sold to the State for unpaid taxes of 1880 and subsequent years having expired, the tax collector and auditor had no authority to issue a redemption certificate and the former owner took and acquired no new rights thereby.

The redemption of property sold for taxes does not create a new title. It simply places the title, property and parties in the same position they occupied previous to the tax sale. Burroughs on Taxation, Sec. 125, p. 357; Blackwell Tax Titles, p. 424; Cooley on Taxation, p. 368, No. 8; Black on Tax Titles, Sec. 197, p. 252.

A party who pays taxes under a given assessment ratifies the same and estops himself from questioning like assessments of the same property, or the proceedings under them. Carter vs. City, 33 An. 817; Reed vs. Creditors, 39 An. 125; Insurance Co. vs. Levi, 42 An. 434; Palmer vs. Board, 42 An. 1126.

A tax debtor can not take advantage of his own delinquency in failing to pay taxes, and, by subsequently paying the same, or purchasing the property at tax sale, acquire any new title or right in or to the property. Austin vs. Citizens Bank, 30 An. 689; Magner vs. Hibernia Ins. Co., Ibid. 1358; Montgomery vs. Whitefield, 41 An. 652.

The former owner of property which has been adjudicated and sold to the State has no interest in, or right to complain of the manner in which the State disposes of the said property, nor can such former owner complain of the alleged failure of the subsequent tax purchaser to comply with the terms of his bid. Reinach vs. Duplantier, 46 An. 151; Breaux vs. Negrotto, 43 An. 432; Morrison vs. Larkin, 26 An. 699; Surget vs. Newman, 43 An. 873.

A tax purchaser under Act 82 of 1884 is not required to pay the taxes due subsequent to 1879 before the delivery to him of the deed of the tax collector, but only to assume them in the deed. Act 82 of 1884, Sec. 5.

In no event is the vendee liable for the costs and charges when he does not expressly assume them in the deed of sale to him. State ex rel. Powers vs. Recorder, 45 An. 566.

The vendee of the tax purchaser is not bound by the assumption of taxes made by the said tax purchaser in the deed to him, unless the said vendee specifically makes the same assumption. State ex rel. Powers vs. Recorder, supra.

A fortiori the vendee of the tax purchaser's vendee can not be made to pay or suffer the penalty, if any there be, for the alleged failure, on the part of the tax purchaser, to pay the taxes

assumed by him, but which were not assumed by the subsequent vendees.

A purchaser at a tax sale, who has made constant and repeated efforts to pay the taxes which he assumed, but who is unable to pay them because the tax collectors demand unlawful and illegal costs and charges which the tax purchaser did not assume, and is not liable for, can not be held to have refused to comply with the adjudication to him.

The tax collector has no right to require a purchaser of property under Act 82 of 1884 to obtain a redemption certificate for the antecedent adjudications to the State. A purchaser who refuses to procure such a redemption certificate and to pay for same, can not be held to have refused to comply with the adjudication to him.

The decision in the cases *in re.* Lake, 40 An. 142, and *in re.* Douglas, 41 An. 765, are in strict accordance with the settled jurisprudence as established by the Supreme Court of the United States and by every Supreme Court which has had occasion to pass upon tax sales executed under provisions of acts similar in their provisions to Act 82 of 1884.

Act 82 of 1884 is constitutional, and deeds of sale under said act are conclusive evidence that such property was assessed and sold according to law. Sales under said act do not divest an owner of his property "without due process of law." Callahan vs. Hurley, 93 U. S. 387 *et seq.;* DeTreville vs. Smalls, 98 U. S. 517 to 528; Keeley vs. Sanders, 99 U. S. 441 to 448; Sherry vs. McKinley, 99 U. S. 497; Witherspoon vs. Duncan, 4 Wall, 217; Thompson vs. Lessee of Carroll, 22 How. U. S. 433; Bulkley vs. Callahan, 32 Iowa, 462 to 466; Clark vs. Thompson, 37 Iowa, 539; Easton vs. Perry, 37 Iowa, 682 to 683; Phelps vs. Meade, 41 Iowa, 470 to 474; Stewart vs. Schoenfelt, 13 Sergeant & Rawle, 360 to 381; Hubley vs. Keeper, 2 Penn. (Penrose & Watts) 501, 502; Peters vs. Heasley, 10 Watts, 209; Cowgill vs. Long, 15 Ill. 203 to 205; Gwynne vs. Neiswanger, 18 Ohio R. (O. S.) 405; People vs. Holladay, 25 California, 305; People vs. McCreery, 34 California, 437; Strauch vs. Schoemaker, 1 Watts & Sergeant, 175; Stiltz vs. City of Indianapolis, 81 Indiana, 582 to 588; O'Grady vs. Barnishel, 23 California, 287; Geren vs. Gruber, 26 An. 694.

Remick vs. Lang.

*Same counsel* for defendant on application for a rehearing:

A purchaser under Act 82 of 1884 acquires a right, title and interest in and to the property, as against the former owner, though he does not pay the taxes before he receives the deed evidencing such sale. Act 82 of 1884, Secs. 2, 3, 4 and 5; Martinez vs. Tax Collector, 42 An. 685.

There is no redemption from a sale made under Act 82 of 1884; *Ibid.*, Sec. 4.

A sale for taxes due subsequent to 1879 can not be redeemed after the lapse of one year from the sale. Const., Art. 210; Act 77 of 1880, Sec. 44; Act 96 of 1882, Sec. 52; Act 85 of 1888, Sec. 62.

If the tax collector issues a redempted certificate after that time the same does not give the former owner, pretending to redeem, any new right to the property. Same authorities.

A redemption does not create a new title in the person effecting the redemption. It simply relieves the property of the tax sale encumbrance. Cooley on Taxation, p. 398, par. 8; Black on Tax Titles, Sec. 197, p. 252; Burroughs on Taxation, Sec. 125, p. 357; Blackwell on Tax Titles, p. 424.

Redemption from a subsequent tax sale will not remove the lien or former sale for delinquent taxes, and the rights of the purchaser at the former sale are not affected by the redemption from the subsequent one. Black on Tax Titles, Sec. 197, p. 252; Gray vs. Coan, 40 Iowa, 330; same case, 30 Iowa, 536; Cooper vs. Bushley, 72 Penn. St. 252.

A purchaser under Act 82 of 1884 who has failed to pay the taxes assumed by him can not be divested of his title by the issuance of a redemption certificate to the former owner of the property, upon his paying the taxes which were assumed. Same authorities.

The remedy of the State in such a contingency, to enforce the collection of the taxes assumed is by a sale under Act 80 of 1888. Martinez vs. Tax Collector, 42 An. 673.

An adjudication completes the sale, and the former owner's interest in the property is gone and divested from the moment of the adjudication. Act 82 of 1884; R. C. C., Art. 2608; C. P., Art. 690, 695; Winn vs. Elzel, 6 R. 100.

When the law points out a remedy which is full, ample and complete, the attempt to divest a person of a right, interest or property by any other mode, which is contrary to and prohibited by law, is "without due process of law," null and void.

Where a law is clearly expressed in words of common use, they must be construed and taken in their natural, plain and ordinary signification and given effect as such. Hotard vs. Hotard, 12 An. 145; Johnson vs. Bloodworth, *Ibid*, 702; First Municipality, vs. Millaudon, *Ibid*, 769, 770.

---

*Farrar, Jonas & Kruttschnitt*, as *amici curiæ*, submit on brief for a rehearing:

It may be true that a part of the obligations assumed by the defendant by his act of purchase have not been fulfilled, but this does not prevent the fact that he acquired a perfect title.

The remedy of the State is, either to collect her taxes under the Act of 1888, or, else under general principles of law, to rescind the sale for non-payment of price.

This is not a suit either by the State or the plaintiff to recover the balance of the price, or to rescind the sale; and whatever the rights of anyone whomsoever may be in either of the above respects, it is clear that the defendant's deed is a good, valid, legal and subsisting title, and certainly one ample to sustain a petitory action against a mere trespasser without any title whatsoever.

From the above, and from the able brief for a rehearing filed by the counsel retained in this case, we submit that the following propositions are fully established:

1. On the 6th day of August, 1886, the State had a perfect title, free from any right of redemption whatsoever, to the property described in plaintiff's petition, and Remick, had no more right to the property than any other stranger. He and Lake were in exactly the same situation.

2. On that day the State sold the property to Lake, who acquired a full and perfect title to it in fee simple for a fixed price, payable in cash, upon payment of which cash he was entitled to a deed, and to delivery of the property, subject, however, to and with the promise, on his part, to pay all taxes for the year 1880, and subsequent years.

3. Upon the failure of Lake, or those holding under him, to pay the portion of the price payable *in futuro*, the State 'had ample remedies, to—wit:

(a) To collect her taxes, as she was doing in the Martinez case when she was enjoined, and as this court said she had the right to do; or

(b) To rescind the sale for non-payment of price.

4. Neither of these rights has in any manner whatever passed to Remick, nor is Remick trying to assert either of these rights.

5. Remick is a stranger to the title, and is a trespasser.

*R. H. Lea*, as *amicus curiæ*, submitted a brief on the same side.

Argued and submitted, January 31, 1895.
Opinion handed down, February 11, 1895.
Opinion refusing rehearing, May 20, 1895.

The opinion of the court was delivered by

MILLER, J. The plaintiff alleges ownership of lots and squares of ground in the sixth district, and seeks to enjoin the defendant from asserting title based on the tax deed he holds, and to have the deed annulled. The defendant pleaded by exception (1), the prescription of one, three and five years, and (2) no cause of action. The exceptions were referred by the court to the merits. In his answer the defendant maintains the validity of the tax deed made under Act No. 82 of 1884; avers there has been no refusal to comply with the terms of that act; and, referring to an allegation in the petition, that plaintiff has paid the taxes on the property, and received redemption certificates from the State, denies that the property could be redeemed by the owner after the sale by the State, under the act of 1884, to the author of defendant's title, and further pleads that plaintiff being the owner before the tax sale, is estopped. from claiming the property from defendant holding under that tax sale. From the judgment of the lower court against plaintiff this appeal is taken.

The plaintiff acquired the property by authentic act in 1867. It is conceded the property was adjudicated to the State for taxes prior

to 1880, and thereafter in 1885 sold, under Act No. 82 of 1884, to Lake, by him sold to Perkins, and by Perkins to defendant in 1893. The adjudication to Lake was on the condition he should assume and take the property subject to the taxes of 1880 and subsequent years. These taxes were never paid by Lake, or the vendees under him. In 1893 the plaintiff, as owner, paid the taxes from 1880 to 1893, and the State issued to him certificates of redemption.

The plaintiff urges his suit is for slander of title. He avers ownership; that defendant claims the property under a tax title charged to be void, because of non-compliance with its condition; that the asserted tax title is a cloud, and the relief sought is an injunction to restrain defendant from claiming ownership under the tax title, and that it be annulled. In the jacitation suit the plaintiff avers ownership; charges the slander, prays damages, and that the defendant exhibit his pretended title or be enjoined from asserting it. While the petition in this case does not technically charge the slander, we think, taking all the allegations together with the prayer, the suit is substantially for slander of title, and besides an attack on the tax title. The prayer for the injunction, and no prayer for a decree of ownership, the conclusion of the petition in the petitory action, in our view, more especially gives it the character of the jacitation suit. The action is derived from the Spanish law. It does not try the issue of title, unless the defendant, in his answer, chooses to tender that issue. In this case the defendant averred title, and pleaded prescription in support of it. Making this issue, the defendant becomes practically the plaintiff in the petitory action. Livingston vs. Heerman, 9 Martin, 715; Packwood vs. Dorsey, 4 An. 90; Dalton vs. Wickliffe, 35 An. 355. While this is our view of the character of this action the rights of the parties would not be sensibly altered if the suit is viewed differently.

The plaintiff claiming the property under the conveyance of 1867, is met by the assertion of the tax title. Whatever the effect to be attributed to the tax title, when it is opposed to the plaintiff claiming ownership, he is entitled to controvert its effect by any means of defence in his power. McMaster vs. Stewart, 11 An. 546; Daquin vs. Coiron, 3 La. 392; 2 Hennen's Digest, 1155. The plaintiff in this case maintains the tax title has no effect, and relies on the decision of this court. Martinez vs. Tax Collectors, 42 An. 677.

Under the Act No. 82 of 1884, the purchaser of property adjudi-

cated already to the State for taxes, is required, besides the price paid, to assume and promise to pay the taxes levied subsequent to December 31, 1879. The price paid goes to satisfy the taxes prior to that date. The manifest purpose of the act was to enable the State, by selling property it held for unpaid taxes, to realize these taxes. It is not enough for the purchaser to pay the price bid, generally, and as in this case a mere pittance, and for which the State, city and parish were to release all taxes prior to 1879, but he is to pay besides the taxes accrued after 1879. True, the language of the act is: He shall assume and promise to pay, but this can not be deemed to mean that the State is to have some kind of remedy, or mere claim or lien for the taxes. Under the Constitution, the general rule is, the State can bring no suit for taxes, and it is not easy to appreciate how the State could ever realize the taxes subsequent to 1879 on property adjudicated under the act of 1884, if it be accepted that the mere assumption by the purchaser was sufficient. If this mere assumption be accepted as the meaning of this act of 1884, the act perishes under the construction, so far as respects the manifest objects of the legislation—that is, to realize taxes due. Under the construction contended for, the act doubtless is a boon to tax-sale purchasers, but there its benefit ceases. This is well illustrated in this case. The adjudication for these taxes subsequent to 1879 was made in 1885. Five years' taxes were then due, and should have been paid by this purchaser. Taxes for eight years more were due in 1893. Not one dollar had been paid. The pretension now of this defendant holding under the tax purchaser, is that the State in 1893 was precluded from receiving its taxes from the owner, who then came forward and paid the arrearages. With nothing paid by the tax purchaser, or those who acquired from him with full notice of the character of his title, it is now insisted that the other method of getting its taxes, *i. e.*, from the owner, was denied to the State. It was in view of the object of this act of 1884, to enable the State to realize its unpaid taxes, and in full view of the result so well illustrated in this case, of a construction which in effect gives up the taxes of the State, that led to the interpretation of the act of 1884 announced in our previous opinion. To that conclusion we adhere. It means that when the State sells property under the act of 1884, it is to get the taxes to realize which the act was passed, and unless that payment is made, no title passes. This interpretation gives to

the act potency to realize for the State cash for its unpaid taxes, instead of mere assumptions of tax sale purchasers. This interpretation also denies that the purchaser at the tax sale can defeat the payment of the taxes required to be paid under the act of 1884, by the simple expedient of transferring the property. The act is notice to all of the requisite to pass title under it. In our opinion the tax title is of no validity.

We have not overlooked the defendant's contention, that he endeavored to settle the taxes he was to pay. There is some variance in the testimony on this point. The tax collector testifies the purchaser at the sale was endeavoring to procure a new title by purchase, and not the completion of the tax title relied on in this case. It is urged on us, too, that the settlement was prevented because the tax collector insisted the purchaser should, besides the taxes, pay costs and charges not demandable. We see no reason why the taxes should not have been tendered, nor if refused, why in the eight years since the adjudication in 1886, un ier the act of 1884, the tax collector was not sued to compel him to accept the taxes. In that suit the liability of the tax purchaser for the disputed costs and charges would have been determined, and the result attained would have been the completion of the tax title or the cancelling of the adjudication. As it is, eight years have elapsed since the adjudication under the act of 1884, with no payment required by that act. If the pretension of title under that act is sustained, in effect the purchaser will get the property and the State will have nothing to represent the taxes it should long since have received for that property, except an assumption on which not a dollar has been paid for years, the value of the assumption being well illustrated by that fact.

The exception of no cause of action is on the theory that the owner whose title has been divested by a tax sale can not redeem after the delay given him by law. The theory is correct, but its application in this case fails. Our decision is, the tax sale passed no title to the author of defendant's title or to him. The pl iintiff is without interest to question the redemptions.

The counsel for defendants has filed an elaborate brief to sustain tax titles. The brief discusses the subject in the general aspect, and particularly the effect of such titles as proof of the legal requisites to pass title. The prescriptions supporting tax titles are pre-

sented to us, and the statutes and authorities on the subject exam-
ined at length.    We do not think this case calls for an expression from
us on the topics to which the briefs are devoted.    In our view the
inquiry is limited by the interpretation we place on the act of 1884,
under which no title passed.    That view disposes of the case,
and precludes further comment on the points in defendant's brief.

It is therefore adjudged and decreed that the judgment of the
lower court be avoided and reversed, and it is now ordered, adjudged
and decreed that the plaintiff be, and he is hereby decreed to be the
owner of the property sued for, but this decree is not to take effect
until the plaintiff reimburse to defendant the price paid by Lake at
the tax sale, with the ten per cent. interest from date of payment,
and it is further ordered that defendant pay costs.

### CONCURRING OPINION.

WATKINS, J.   I place my concurrence in the decree in this case
on the ground that the purchaser, under Act 82 of 1884, failed to pay
the taxes that were assessed on the property *since* 1880, and anterior
to the adjudication to him in the forced collection of taxes *antecedent
to 1880*, and which taxes he had assumed as a part of the purchase
price.

This is the exact import of our opinion in State *ex rel.* Martinez
vs. Tax Collector, 42 An. 677.

It was affirmed in State *ex rel.* Powers vs. Recorder, 45 An. 56.

The case stands thus:

Plaintiff, as original owner, defaulted in the payment of taxes of
the years 1874, 1875, 1876, 1877 and 1878.

In 1884 and 1885 the property was adjudicated to the State under
Act 77 of 1880 and Act 96 of 1882 (Revenue Laws), for unpaid taxes
of 1880, 1881, 1882 and 1883.

Subsequently, in 1889, it was adjudicated to Orloff Lake for the
taxes prior to 1880, under Act 82 of 1884, the purchaser assuming, as
part of the purchase price, " all taxes, with interest and cost, subse-
quent to 1880."

Neither Lake, adjudicatee, nor Lang, his vendee, ever paid these
taxes.

In 1893 the plaintiff, exercising the grace of our statutes of 1888
and 1890, paid the taxes since 1880, and procured from the auditor

of public accounts a certificate of redemption and subrogation to all rights of the State, growing out of the adjudication to the State.

Thereupon the plaintiff instituted this action to have the tax sale to Lake, and his subsequent transfer to Lang, cancelled and erased as being a cloud upon his title, defendant insisting that title is good, perfect and complete.

He also insists that plaintiff's redemption enures to his benefit, because he was in duty and law bound to discharge and keep down the taxes, and cannot be allowed to thus come in competition with him.

The difficulty of the defendant's situation, in my opinion, is that he was a mere stranger to the plaintiff at the time he bought. Between them there were neither relations of trust or confidence, as those between debtor and creditor, mortgagor and mortgagee. Hence plaintiff was under no obligation to keep down the taxes for the benefit of the tax purchaser and his vendee; particularly in view of the fact that the purchaser had assumed those very taxes as a part of the price he was to pay.

For these reasons I concur.

MR. JUSTICE BREAUX dissents.

## APPLICATION FOR REHEARING.

The court has had under careful consideration the application for the rehearing in this case. There is but one issue, at least in this sense, i. e., that determined against the purchaser on the character of his title acquired at the tax sale, renders wholly unnecessary any notice of other issues. The court is not to be, therefore, understood as dealing with the provisions of law, so largely discussed, of the right of the owner to redeem. The controlling question is, the character of the title passed to the purchaser at the tax sale under the Act No. 82 of 1884. If the tax purchaser obtained no title under that act he is without interest to contest the relinquishment of the right of the State by permitting the owner to redeem. The construction of this act of 1884, as to the title of the tax-sale purchaser, received the fullest consideration in the Martinez case, not presenting, it is true, the phase of controversy in this case. The decision in this case was not reached without the fullest consideration of the bearing of that decision, with all the qualifications suggested by the v ried form of this litigation, and not without the appreciation of the argu-

ment advanced in the original brief, and those filed on the rehearing. It was the conclusion of the court that the reasoning of the court in the Martinez case controlled the decision here.   We adhere to the decision in this case, and refuse the rehearing.