(41 South. 591.)

No. 16,176.

FLUKER v. DE GRANGE.

(June 22, 1906.  On Rehearing, June 28, 1906.)

1. JUDGMENT—RES JUDICATA.
   In a suit to annul a tax sale for irregularities, a judgment dismissing the suit after trial on issue joined by general denial concludes the plaintiff as effectually as if the defendant, in addition to the general denial, had, by way of reconventional demand, asked that his own title be recognized and enforced.
   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1165.]

2. PLEADING — SUPPLEMENTAL ANSWER—NOTICE.
   No law requires that a supplemental answer be notified to the plaintiff otherwise than by its filing.

3. APPEAL—OBJECTIONS IN LOWER COURT—TRANSFER OF CASE—OBJECTIONS WAIVED.
   After trial and judgment it is too late to object that the transfer of the case from one of the divisions to the other of the civil district court, parish of Orleans, was irregular.
   [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1141.]

4. TAXATION—TAX DEED—VALIDITY.
   When the purchaser at a tax sale made under Act No. 82, p. 104, of 1884, to satisfy taxes of 1879 and previous years, does not pay the taxes of 1880 and subsequent years, but merely promises to pay them, the title he acquires is a mere nullity.
   [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1469.]

On Rehearing.

5. VENDOR AND PURCHASER — ACTION FOR PRICE—INTEREST.
   In an action to compel a purchaser to accept title to real estate and pay the price, the defendant should be condemned to pay interest only from the date of judgment, where he had reasonable ground to defend the suit.
   [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 933.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Calhoun Fluker against Joseph T. De Grange. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Guy Morville Hornor, for appellant. William Winans Wall, for appellee.

PROVOSTY, J. This is a suit to compel a purchaser to accept a title which he has refused to accept because of its not being, in his opinion, good.

The property formerly belonged to one J. Peter Hubert. It was sold at tax sale to the state in 1884 for the taxes of 1882. Notwithstanding this sale to the state, it was offered at tax sale in 1885, under Act No. 82, p. 104, of 1884, for the taxes of 1872 to 1878, inclusive, and was adjudicated to Joseph Holz. In 1893 the state sold it to W. W. Wall; and the latter at once took actual possession of it, by building around it a substantial wire fence; and he and his vendee, the plaintiff, have been in possession ever since. In 1895 the heirs of J. Peter Hubert filed suit, simultaneously, against Holz and Wall, to annul the tax sale and recover the property. In March, 1898, a judgment was rendered dismissing the suit against Wall. The suit against Holz is still pending. Plaintiff is the vendee of Wall. All the sales above mentioned were duly recorded.

In disposing of the case we shall limit

ourselves to two questions: First, whether the heirs of J. Peter Hubert are concluded in their rights by the judgment dismissing their suit against W. W. Wall; second, whether the tax title of Joseph Holz is a serious menace to the title of plaintiff.

Defendant's reasons for doubting that the heirs of J. Peter Hubert are concluded by the dismissal of their suit against Wall, are: First, that the judgment was rendered by the judge of division D, when the suit had been transferred to division E, and had not been retransferred to division D, except by an order of the judge of division D; second, that the original answer of Wall was simply a general denial, without any reconventional demand for the recognition of his title and his supplemental answer, praying for a recognition of his title, was never notified to the plaintiffs in the suit.

Obviously, it would be too late after judgment for the plaintiffs in that suit to be raising these questions. Moreover, we know of no law requiring the answer in a suit to be notified to the plaintiff otherwise than by its mere filing, and we are not advised of the existence of any rule of court so requiring. And, again, we do not see why the dismissal of the suit on a general denial should not operate as res judicata of the issues of the suit.

The second objection, to the effect that the tax sale to Holz is a menace to plaintiff's title, is not better founded. The tax collector's deed to Holz recites that the purchaser promised and assumed to pay the taxes due on the property for 1880 and subsequent years; and it is not shown that, previous to the sale by the state to Wall—or since, for the matter of that—these subsequent taxes were paid. Indeed, from the fact that the auditor made the sale to Wall and received payment of these same taxes from Wall, a very strong inference arises that they have not been paid, so strong that the court can safely accept it as proof, in the absence of

any effort on the part of defendant to rebut it. This, under settled jurisprudence (Martinez v. Tax Collector, 42 La. Ann. 677, 7 South. 796; Remick v. Lang, 47 La. Ann. 914, 17 South. 461), and numerous other cases, not needing to be mentioned, has the effect of making the Holtz title a mere nullity.

Judgment affirmed.

## On Rehearing.

LAND, J. In purchasing the property at tax sale in 1885 for delinquent taxes due prior to December 31, 1879, Joseph Holz assumed the payment of "all the state and city taxes on said property for the year 1880 and subsequent years, together with all interest, costs, charges, fees, and commissions which may be due and unpaid." No title passed to the purchaser or could do so until he paid all the taxes assumed as a part of the purchase price. State ex rel. Martinez v. Tax Collector, 42 La. Ann. 681, 7 South. 796; Remick v. Lang, 47 La. Ann. 914, 17 South. 461. The title remained in the state until May 1893, when the property was conveyed by the Auditor of the state of Louisiana to W. W. Wall, for the taxes for the years 1880 to 1892, inclusive, including interest; penalties, and costs. The Auditor's deed recites that the property had been offered for sale under Act No. 80, p. 88, of 1888, and failed to sell. There is no evidence in the record tending to show that Joseph Holz paid the taxes assumed by him, but on the contrary the Auditor's deed shows that these taxes were paid by W. W. Wall in 1893. Hence, on the record before the court, we are unable to say that the tax title of Joseph Holz suggests serious future litigation, or is a cloud on the title. The burden of proof was on defendant to show danger of disturbance or eviction. The adjudication to Holz per se is insufficient to show that he ever acquired title to the property. In the absence of all evidence tending to show that Holz complied with the terms of the tax adjudication, we

must give full faith and credit to the Auditor's deed reciting that the taxes assumed by Holz were due and unpaid in 1893. It is true that Holz is no party to this litigation, and will not be bound by the decree herein rendered, but at the same time it was incumbent on defendant to show some legal title or claim in Holz to the property in question. The undisturbed possession of Wall and his vendee since 1893, and the absence of all claims on the part of Holz, strengthens the conclusion that defendant is in no danger of eviction.

We think, however, that interest should run only from the date of the judgment of the court a qua. Tobin v. United States Safe Deposit & Savings Bank, 115 La. 366, 39 South. 33.

It is therefore ordered that our decree heretofore rendered in this cause be modified by amending the judgment appealed from, so as to allow interest from the date of said judgment, and condemning the plaintiff to pay the costs of appeal.

Rehearing refused.