(43 South. 462.)

No. 16,341.

SONIAT v. DONOVAN et al.

(March 4, 1907. Rehearing Denied April 15, 1907.)

1. PRESCRIPTION—PURCHASE AT TAX SALE.

A purchaser at a tax sale, in good faith, who has a title from the proper officer, valid in form, with no defect upon it and patent, and who has possessed by himself and his authors for 10 years, has acquired an indefeasible title, and may successfully defeat the claims of the original owners.    Giddens v. Mobley, 37 La. Ann 417; Heirs of Wykoff v. Miller, 19 South. 478, 48 La. Ann. 476; Michel v. Stream, 19 South. 215, 48 La. Ann. 341; Gauthier v. Cason, 31 South. 386; 107 La. 52; Jopling v. Chachere, 32 South. 243, 107 La. 534; Cane v. Herndon, 32 South. 33. 107 La. 591; Muller v. Mazerat, 33 South. 104, 109 La. 118, 121; Cooper v. Falk, 33 South. 567, 109 La. 480.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 459–462.]

2. SPECIFIC PERFORMANCE — DEFENSES — VOID TAX DEED—PRESCRIPTION.

Where, in an action brought against a defendant to force him to a specific performance of his agreement to buy certain real estate, the latter sets up against plaintiff's title to the property that it was derived from a tax sale which for grounds assigned was null and void, he cannot urge that it was the duty of the plaintiff to file to his objections formal pleas of prescription. Plaintiff was only called upon to show as a fact that, if the objections were urged by the original owner, they would be, repelled by prescription.

3. TAXATION—TAX SALE—VALIDITY.

The fact that at the time of a tax sale the property sought to be sold was under administration did not prevent the tax collector from proceeding with the sale. Flower, King & Putnam v. Beasley, 28 South. 322, 52 La. Ann. 2056.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by M. C. Soniat against C. Donovan and others. Judgment for plaintiff, and defendants appeal. Affirmed.

John Daniel Grace and Theodore Roehl, for appellants. Charles Ferdinand Claiborne, for appellee.

Statement of the Case.

NICHOLLS, J. ·This is a suit to force an acceptance of title. Plaintiff avers that by an act under private signature the defendants agreed to buy from him a square of ground composed of 26 lots; that he acquired said square in the manner following:

That he purchased 19 of said lots by notarial act in 1892, and the 7 others likewise by notorial act, also in 1892; that ever since the date of his purchase he has been in possession of said entire square of ground, and that his possession has been actual, physical, continuous, uninterrupted, peaceful, public, unequivocal, and undisputed; that without any valid reason the said defendants have refused to comply with their agreement to buy.

The defendants admit their agreement to purchase, but aver that the plaintiff has no valid title to said 19 lots for this, to wit:

"That the aforesaid 19 lots of ground were acquired by plaintiff, M. C. Soniat, by purchase from Domingo Negrotto, Sr., by an act before C. T. Soniat, notary, on December 7, 1892; that Domingo Negrotto, Sr., acquired the said property by purchase from the state of Louisiana, represented by Joseph Desposito, state tax collector of the Seventh district of the city of New Orleans, under the provisions of Act No. 82, p. 104, of 1884, being a forced sale for taxes due the said state for the years 1876, 1877, and taxes due the city of New Orleans for the years 1874 to 1879, both inclusive, assessed in the name and against the property of one 'E. D. Choiseuil' by act passed before Jos. H. Spearing, notary, on August 14, 1888, which property was previously adjudicated to the state of Louisiana for taxes due prior to the year 1879, assessed in the name of 'E. D. Choiseuil'; * * * that Charles de Choiseuil acquired said 19 lots by several acts dated 1850, 1855, and 1859; that. Charles de Choiseuil departed this life in Ft. Republic, state of Virginia, on or about the year 1862, leaving a last will and testament in the olographic form in New Orleans, on April 13, 1862, by which he bequeathed to his sisters, Eliza and Beatrice de Choiseuil, his entire estate; that said will was duly probated and ordered executed by the honorable the late Second district court on or about December 6, 1865, in the matter of the Succession of Charles de Choiseuil, No. 25,997 of the docket of said court, now No. 29,240 of the civil district court; that the said succession is now under administration, and has been under administration ever since the year 1865."

They charge the following nullities in Negrotto's title, viz.:

(1) That the assessment of taxes for the city of New Orleans, and for the state of Louisiana during the years 1874 to 1879, both inclusive, in the name of "E. D. Choiseuil," who never was owner, was null and void, and that Charles de Choiseuil, the owner, was dead, and long prior to the assessment, and the property had vested in his estate ever since the year 1865.

(2) That the sale for said taxes was invalid as no notice of seizure and sale could be served upon said deceased owner, and no notice of seizure and sale was served upon the representative of his estate, which was under administration, all of which are radical nullities, imprescriptible under the Constitution and laws of this state.

(3) That the adjudication by the tax collector was null and void because in violation of that provision of the Constitution of the state and of the laws of the state which required that he should offer for sale the least portion of said property for the taxes, costs, etc., whereas he offered for sale and did sell the entire 19 lots aforesaid, instead of offering the least portion of said property necessary to bring the requisite sum of money to pay the taxes, etc.

(4) That the adjudication to the state of Louisiana and by the state of Louisiana to Domingo Negrotto, Sr., were without due process of law and in respect thereto was and is repugnant to the Constitution of the United States and of the state of Louisiana, illegal, null, and void, and has no binding effect upon the estate or upon the heirs of said Charles de Choiseuil, the real owners thereof; that as the title to the state of Louisiana was void she could not convey good and valid title to said property to Domingo Negrotto, Jr.

(5) That, the succession of Charles de Choiseuil being under the administration, its property was in the possession of the court, and could not be seized and sold otherwise than under orders of the probate court.

There was judgment for plaintiff, and defendants have appealed.

## Opinion.

The property which the plaintiff agreed to sell to the defendants, and which the latter agreed to buy, was purchased by Soniat from Negrotto on the 7th day of December, 1892, and his title was duly recorded. Negrotto himself purchased the property at a tax sale made in August, 1888, and his title was recorded. Negrotto took possession of the property shortly after he purchased it, placed a plank fence around it, and rented it to third parties, who occupied and used it for gardening purposes and for the pasturing of cattle. The property has continued to be fenced and has been rented out by Soniat since he purchased to the present time. No one has attacked the title of either Negrotto or Soniat in the meantime, and we see no reason for plaintiff to apprehend that the title will be questioned from any quarter other than by the defendants, who object by way of resistance to complying with their obligations to purchase. We have no reason to question the good faith of either Negrotto or Soniat. Giddens v. Mobley, 37 La. Ann. 418; Wykoff's Heirs v. Miller, 48 La. Ann. 476, 19 South. 478; Gauthier v. Cason, 107 La. 59, 31 South. 386; Muller v. Mazerat, 109 La. 121, 33 South. 104; Cooper v. Falk, 109 La. 480, 33 South. 567; Jopling v. Chachere, 107 La. 534, 535, 32 South. 243; Michel v. Stream, 48 La. Ann. 341, 19 South. 215; Cane v. Herndon, 107 La. 591, 32 South. 33.

Defendant complains that the plaintiff did not enter a formal plea of prescription of three and ten years in answer to their objections. They were not called upon to do so. Defendants do not pretend to hold title adverse to plaintiff or to have any rights upon the property.

When defendants refused to comply with their obligations to purchase, and plaintiff was forced into court to compel a specific

performance, all that he was required to do was to make a showing of the facts and satisfy the court that the defendant's fear of litigation was, in its opinion, without sufficient basis.

One of defendant's principal grounds of objection is that at the time the property was sold at tax sale the owner was dead and his succession was under administration in the courts of the parish of Orleans. It is urged that the tax collector was without authority to wrest the property from the custody of the court and sell it. The succession was under administration, but it can scarcely be said that the property was in the custody of the court in the sense that legal sale of the same could not be made otherwise than through the regular machinery of the courts as in matters of probate sale. It is a matter of frequent occurrence for property under administration to be sold in executory process through the court's orders. Boguille v. Faille, 1 La. Ann. 204; Hennen's Digest, p. 647, No. 5; Guilbeau v. Wiltz, 26 La. Ann. 600; Morris v. Cain's Ex'rs, 34 La. Ann. 662; Walmsley v. Levy, 36 La. Ann. 226. This question was discussed and passed upon by us in the matter of Flower, King & Putnam v. Beasley, 52 La. Ann. 2056, 28 South. 322.

Appellants complain that they should have been condemned to pay legal interest on the cash payment to be made for the property from November 25, 1905, and 6 per cent. on $14,000, the balance of the price, from the same date as agreed upon in their agreement to buy. They claim that the contest which they have made was based upon reasonable grounds. They cite Tobin v. United States Safe Deposit & Savings Bank, 115 La. 376, 39 South. 33, and Fluker v. De Grange, 117 La. 331, 41 South. 591.

We do not think that the facts of this case call for the application of the principles announced in those decisions.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is hereby affirmed.