Marmion vs. McPeak et als.

## No. 13,009.

### HEIRS OF R. L. S. MARMION VS. BRIDGET MCPEAK ET ALS.

#### SYLLABUS.

##### ON MOTION TO DISMISS.

When the pleadings of a plaintiff, verified by affidavit, show as to the amount in dispute, a *prima facie* right to an appeal to the Supreme Court—the appeal will not be dismissed on a motion *in limine,* based upon testimony in the record taken on the trial of the cause in the District Court. Testimony so taken can only reach the Supreme Court when the cause goes before it on the merits, at which time the appeal will be dismissed if the Appellate Court is without jurisdiction *ratione materiae.*

##### ON THE MERITS.

1.  ACTION PETITORY.—Plaintiff in a petitory action based his claim on a complete legal title.
2.  TAX TITLE.—The defendant has no title at all.
3.  THREE YEARS' PRESCRIPTION.—The plea of prescription (3 years) did not give vitality to an adjudication at tax sale which in law never had force or effect.
4.  TEN YEARS' PRESCRIPTION.—The purchaser, knowingly, not having compiled with his bid as required by repeated decisions of this court, was not in good faith, and, therefore, his asserted title was not cured by the prescription of ten years.
5.  RENT AND IMPROVEMENTS.—Plaintiffs' claim for rent was not sustained by proof and was not allowed and defendants' reconventional demand was rejected.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Kernan & Gowland* for Plaintiffs and Appellants.

*Farrar, Jonas, Kruttschnitt* and *Gurley* for Defendants and Appellees.

*J. Zach Spearing, amicus curiae,* in support of the application for a rehearing.

Submitted, on motion to dismiss, January 9, 1899.

The opinion, on motion to dismiss, was handed down January 23, 1899.

Argued and submitted, on merits, May 6, 1899.

Opinion handed down May 15, 1899.

Rehearing refused June 26, 1899.

The opinion of the court, on motion to dismiss, was delivered by NICHOLLS, C. J.

On the merits, by BREAUX, J.

## ON MOTION TO DISMISS.

NICHOLLS, C. J.   The appellants have moved this court to dismiss the appeal filed herein, upon the 'ground that the court is without jurisdiction to entertain the same, *ratione materiae,* the amount claimed or in dispute being less than two thousand dollars.   The action is a petitory action brought by the plaintiffs as heirs of their father, Richard L. S. Marmion, in which they seek to have themselves decreed the owners of certain property described in their petition, together with rent from September 2nd, 1886, from which time, they allege, they have been deprived of the use of their property.   The value of the property is alleged to be one thousand dollars, and the value of the rents, up to the filing of the petition, declared to be ten dollars per month.   The petition of the plaintiffs is verified by affidavit of their attorneys, they, the plaintiffs, being absentees.

Plaintiffs declare that defendants base their right of ownership and possession upon a tax sale which is illegal and void, and which conveyed no title to them for reasons assigned; they further aver that the defendants failed to comply, as adjucatees, with the terms and conditions of the said tax sale, and that title, under the same, has never been completed, they not having paid taxes subsequent to the year 1880; that they had permitted the property to be readjudicated to the State for the taxes of 1880, 1881 and 1883, and that they, the plaintiffs, had been permitted, by the State, to redeem the property.

Counsel of appellees call our attention to the case of Walsh vs. Harang, 48th Ann., p. 984, stating, that by that decision it was decreed that purchasers at tax sales owed fruits and revenues only from judicial demand, and, therefore, the court should ignore allegations of plaintiffs' petition asking for rent, prior to that time.   They

further call the court's attention to testimony taken on the trial of the case, by which plaintiffs' own witnessess fixed the value of the property at six hundred dollars, and the rental value at five dollars a month, while defendants' witnesses fixed the value of the property at four hundred and fifty dollars, and declared it to have no rental value whatever.

Counsel is in error in supposing that this court, in Walsh vs. Harang, announced, as a rule of law, that defendants in a petitory action, claiming title to the property in litigation, under a tax adjudication made to them, were only chargeable with rent, or fruits and revenues, from judicial demand. The defendant in that particular case was not the adjudicatee at a tax sale, but a purchaser in good faith from such an adjudicatee, and the court held she was properly chargeable with rent from judicial demand.

We have, on several occasions, noted the difference between appeals dismissed on motion *in limine,* and appeals dismissed by the court after the case had been regularly taken up and tried.

We think the pleadings of the plaintiffs, verified by affidavit, show a *prima facie* right to an appeal to the Supreme Court sufficient to withstand a motion to dismiss, made *in limine.* We would not, on such a motion, be authorized to take up the testimony introduced on the trial of the cause, and base a dismissal, *in limine,* upon it. That testimony can only reach us, regularly, when the cause comes before us on its merits. Should the testimony in the case disclose, at that time, that the matter in dispute is smaller in value than required to vest appellate jurisdiction in this court, we will, at that time, dismiss the appeal. We must decline to dismiss it, *in limine,* on the motion made.

For the reasons assigned, it is ordered that the motion to dismiss the appeal before the cause is submitted to us on the merits, is denied, leaving the question of jurisdiction to be ascertained and acted upon hereafter.

### ON THE MERITS.

BREAUX, J.   Plaintiffs brought this action to recover two certain lots of ground sold at tax sale (taxes due prior to 1879) for the amount of four dollars. The adjudicatee at the sale, in addition, was to pay the taxes due the city of New Orleans for the years 1873 to 1879. Also, rents and revenues on the property are claimed.

103

Plaintiffs acquired by inheritance from their father, R. L. S. Marmion, who died in 1873.

Both parties to the suit treat the action as petitory against the defendants in possession of the property more than ten years. Defendants' possession, under a tax title, dates from September 2nd, 1886.

The grounds upon which the tax title is attacked are; (1) that the assessments were illegal, having been made in the name of a dead person; (2) that the assessments are grossly erroneous as to description, the names of the streets and the boundaries not having been correctly given; (3) that defendants and their ancestors never complied with the terms of adjudication necessary to perfect their title.

Plaintiffs alleged that they redeemed the property from the State of Louisiana, and they claim rent.

Defendants deny that plaintiffs have title to the property, and plead the prescription of three and ten years, and pray, in event of a judgment against them, for a judgment in reconvention.

There is an admission of record showing that R. L. S. Marmion owned the property. That in 1885 the property was sold by the State Tax Collector, and was adjudicated to the State; that the adjudication of the lots was timely registered in the conveyance office.

It appears that on September 2nd, 1886, the State Tax Collector offered these lots at public sale, under Act 82 of 1884, as having been adjudicated to the State. Patrick Kane (ancestor of defendants) became the purchaser, and his title was duly recorded the same day.

Defendants, in the first place, invoke their possession, as a ground to defeat plaintiffs' action. It must be borne in mind in considering the ground of defense, that plaintiffs have introduced a complete valid title in evidence; one that must be sustained unless there was a tax sale made of the property, which gives a right superior to the right claimed by plaintiffs. It must also be remembered that both plaintiffs and defendants agree that this action is a petitory action.

No attack has been made on plaintiffs' title.

Defendants, we apprehend, place too great a reliance on their possession.

The rule of practice is well founded in law and justice, that one in a petitory action must recover on the strength of his title, and not on the weakness of his adversary's. The questions to which civilians have given effect and force is of equal application here.

*Qui interrogatus, cur possideat? Responsurus sit, quia possideo.*

But does not this question cease to be pertinent when a plaintiff, as in this case, produces a title valid against the world and under which he should unquestionably recover the property claimed, unless it be made evident that since the date of his title, for good and valid cause, another title was created which is superior to his?

In our judgment, the question answers itself in the affirmative. The answer can now no longer be *possideo quia possideo,* but the defendants must show, in opposition to plaintiffs' valid title, that they possess the property not merely as a question of fact, but in addition that their possession is a possession under a title.

We have not found that defendants have civil possession, or such a possession as gave them the right to stand on their right in opposition to the title offered by plaintiffs. The burden of proof, in presence of plaintiffs' title, has shifted. The unassailed title must prevail, unless defendants show a better.

In this, we think, the defendants have failed.

In order to uphold their title, defendants have pleaded the prescription of three and ten years, and to sustain the former they depend on the case of Russell vs. Lang, 50th Ann., 36, interpreting a statute which decrees the prescription of an action, citing, in support, Breaux vs. Negrotto, Jr., 43rd Ann., 441.

We do not take it that by the terms of the decision cited, all defects, however radical, must be considered cured by the prescription of three years.

This court in the last cited case, *supra,* said: "After a most careful and serious consideration, we have deliberately reached the conclusion that the views expressed in Barrow vs. Wilson, 39th Ann., 410, ought to be modified so as to conform to the views expressed in the opinion now under consideration." And that opinion was that there are radical defects, such as in the case before us, that are not cured by the prescription of three years.

This has been the view entertained and expressed by this court since that decision was rendered, to which we must adhere.

The case of Russell vs. Lang, 50th Ann., 36, is not an obstruction in the way of our conclusion, as there is no complete similarity between the two. Moreover, in the last cited case, the court said: "The deed evidencing this title accurately described the property, and is otherwise sufficient, in terms, to transfer its title."

Defendants' title must prevail over that of plaintiffs' unless the latter can get rid of it by showing that, as a tax sale, it is void for inherent defects, such as want of fulfillment of the requirements of law in the matter of assessment of the property for taxation, or in the proceedings taken for its sale for non-payment of taxes.

Let us pass to the next question, involving the character of the title claimed. We think it was void, and therefore readily difference it from the last case cited, *supra*. The title was not of a nature to transfer property.

The adjudicatee at a tax sale, for reasons apparent from our statement of facts, must be held to have had knowledge that the State could not convey the property in the proceedings in which it was sold, and that the adjudication transferred no title.

Now, as relates to prescription of ten years, also pleaded, there are tax deeds so entirely null as not to be within the reach of prescription of three, or even ten years. We think that the case before us for consideration is of that number. The prescription of ten years is based on good faith.

In order to determine whether or not the defendant to whom the property was adjudicated at a tax sale was or was not in good faith, a definition may assist us.

Good faith consists in the well settled opinion that the possessor has acquired the property which is in his possession.

Under the repeated decisions of this court, regarding tax sales, we are precluded from arriving at that conclusion.

Here the title was not apparently good, and of such a character as to induce the possessor's belief that it was legal. It was absolutely defective on its face, and the defendant must be held to have knowledge of this defect. He must be held, under our jurisprudence, to have known of the vices of his title, and his heirs, who hold under him, must be held to the same knowledge. Oeuvres de Pothier (Dupin), Vol. 8., p. 336.

The maxim of the law—*Melius est non habere titulum quam habere vitiosum* is particularly true when, as in this case, the vice amounts to a complete nullity.

Plaintiffs' claim for rent. The property was unimproved, a naked lot. The preponderance of proof shows that plaintiffs were not entitled to rental.

As relates to defendants' reconventional demand, under our views of this case, as before expressed, we do not think that we would be warranted in sustaining that demand.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, reversed and avoided, at defendants' and appellees' cost in both courts.

It is further ordered, adjudged and decreed, that plaintiffs have judgment as prayed for, decreeing them to be the owners of the property described in their petition and annulling all tax deeds and rights claimed under the tax deeds and adjudication by defendants.

It is ordered, adjudged and decreed that plaintiffs' claim for rental is rejected.

It is, lastly, ordered, adjudged and decreed, that defendants' reconventional demand is rejected.

MR. JUSTICE BLANCHARD takes no part, not having been present at the argument.

MONROE, J., recused.