Again, a debtor who does not judicially assert his claim before his title passes to another loses his right of homestead.' Gilmer v. O'Neal, 32 La. Ann. 979.

Before leaving this case, we will for a few moments refer to the last-cited decision on a subject passed upon in words directly pertinent to the issues to which we gave our attention at the beginning of the decision.

Prior rights under prior laws are not affected by subsequent laws regarding homestead.

A right founded exclusively on the homestead law of 1865 must be construed as "if the Constitution of 1879 had never been adopted." Gilmer v. O'Neal, Sheriff, 32 La. Ann. 983.

The property was subject to mortgage and foreclosure under prior law.

To conclude: If the right is claimed under the Constitution of 1879, it was not recorded as required.

Plaintiff under either law is absolutely without right to a homestead.

But, granted that he had some sort of a right, he failed to claim it in time.

There remains to us only one alternative. That is to affirm the judgment.

For reasons assigned, it is affirmed.

---

(45 South. 597.)

No. 16,869.

BABIN'S HEIRS v. DASPIT.

In re DASPIT.

(Jan. 9, 1908. Rehearing Denied Feb. 17, 1908.)

1. HUSBAND AND WIFE—COMMUNITY PROPERTY—PAYMENT OF TAXES.

The surviving husband in community, as usufructuary, is bound to pay all the taxes on the community property and to protect the interests therein of the heirs of the wife.

2. TAXATION — TAX SALE — ANNULMENT — FRAUD.

A tax sale of community real estate will be annulled as a fraud on the heirs of the wife, where it is shown that the purchaser, an employé in the office of the tax collector, colluded with the surviving husband to have the property sold for taxes, under an agreement to pay the surviving husband the full value of the property after the acquisition of the tax title.

3. SAME.

The law will not permit the machinery for the collection of taxes to be manipulated for the purposes of fraud, and the purchaser, a party to the fraud, must share its consequences.

4. SAME—PRESCRIPTION.

A fraudulent tax title will not serve as the basis of the constitutional prescription of three years.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Terrebonne.

Action by the heirs of Lavinia Babin, wife of John Lester, against S. Isaac Daspit. Judgment for defendant was reversed by the Court of Appeal, and defendant applies for certiorari or writ of review. Affirmed.

Wallis & Gagné (Titche & Rogers, of counsel), for applicant. Suthon & Wurzlow, for respondents.

LAND, J. John Lester married Lavinia Babin, and during their marriage acquired a small tract of land, containing about eight acres, with the buildings and improvements thereon. The wife died, leaving eight children, the issue of said marriage. In 1896 John Lester conceived the idea of selling said tract of land, and offered the same to the defendant, who was then acting as deputy tax collector of the parish of Terrebonne. Defendant informed Lester that he could not make a good title to the property on account of the interest therein of the heirs of his wife, most of whom were minors. Defendant agreed to pay Lester $250 for the property if he could obtain title by purchasing at tax sale. Pursuant to this agreement Lester refrained from paying the taxes of 1896, and in 1897 the property was sold for taxes and

purchased by the defendant. After the year for redemption had expired, the defendant mortgaged the property, and paid John Lester $250, with interest. This suit was instituted by the heirs of the wife to recover their undivided interest in the property and to annul the tax sale thereof. In the district court there was judgment for the defendant. In the Court of Appeal this judgment was reversed, and there was judgment in favor of the plaintiffs, recognizing them as owners of an undivided one-half of the property sold at tax sale and purchased by the defendant. It was further decreed that the tax title made to the defendant of the property in dispute, of date July 3, 1897, was without force and effect, and was null and void.

As between Daspit and Lester, the tax sale vested no title to the property in the former, because it was well understood between them that Daspit, after acquiring an apparent title by purchasing at the tax sale, should pay the full value of the property to Lester, the tax debtor. While the tax sale was a sham as to the father, it is argued that it was perfectly legal and valid as to his children.

The understanding between Daspit and Lester necessarily contemplated the divestiture of the title of the children without compensation, and involved a breach of the duty which the father owed them to pay the taxes on the property. Such a transaction is in law fraudulent, and fraud avoids all things, even a tax sale. Daspit was performing the duties of deputy tax collector, and used the machinery constructed to enforce the payment of public dues to manipulate a fraud, and, being a party to the fraud, must share the consequences. Austin v. Citizens' Bank, 30 La. Ann. 691. In Pitre v. Haas, 110 La. 179, 34 South. 361, the court refused to recognize a fraudulent tax title acquired by an employé in the tax collector's office, and held that such a title was not cured by the constitutional prescription of three years. In Ingram v. Heintz, 112 La. 495, 36 South. 507,

it was held that a tutor could not, by failing to have the property assessed for taxes and permitting it to be assessed to a third person, acquire the same at tax sale, adversely to the minors, for himself or as agent for any one else. In the case at bar the defendant assisted the father in the commission of the unlawful acts by which the plaintiffs were despoiled of their property, and is answerable with him. Civ. Code, art. 2324.

The complaint that the judgment annuls the entire tax sale is not well founded. As we read it, the sale of the "property in dispute"—that is, the undivided half interest sued for by the plaintiffs—is decreed null and void.

The tax sale as to the interest of John Lester was not before the court, and he was no party to the suit.

It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that the defendant pay the costs in this court.