On the Merits.
[3] The heirs of Mrs. Mary Jane Buch sue to annul a tax sale of the S. % of S. E. % of section 9 S., range 3 W., parish of Jefferson Davis, to the defendant company.
The grounds of nullity alleged are that the newspaper in which the advertisement of the sale was published was not the official journal, and that notice of delinquency was not given to the tax debtor.
The sale was made more than 5 years before the institution of this suit, and defendant invokes the benefit of the curative provision of the Constitution (article 233) reading:
“No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which *401 the property was sold prior to the date of the sale, unless the proceeding to annul is instituted # * * within three years from the * * * recordation of the tax deed.”
Plaintiffs’ learned counsel contend that the bar established by this constitutional provision is a prescription, the legal basis of which is possession; and that the defendant in this case has never had possession of any kind, neither actual nor constructive. Not actual, because the property is pine timber land of which no one has ever had any other kind of possession than the mere civil or constructive possession accompanying title. And not constructive, because a title must be valid on its face to carry civil possession with it, and the tax title in this ease is not valid on its face.
[4] This court did in course of discussion in the cases of Canter v. Williams, 107 La. 77, 31 South. 627, Ashley v. Bradford, 109 La. 641, 33 South. 634, Pitre v. Schleslinger, 110 La. 234, 34 South. 425, Bartley v. Sallier, 118 La. 94, 42 South. 657, and Lavedan v. Choppin, 119 La. 1056, 44 South. 886, cited by counsel for plaintiffs, and in many other cases, refer to possession actual or constructive in connection with the operation of said constitutional provision; but possession can be necessary only for the prescription acquirandi causa, not for that liberandi causa, and the said provision does not establish a prescription of the former kind but of the latter. Ashley v. Bradford, 109 La. 653, 33 South. 634. The transfer of the ownership of the property is effected in such a case, not by the prescription acquirandi causa, but by-the tax sale, which is not allowed to be attacked and has therefore the full operation of a valid sale. Ashley v. Bradford, 109 La. 653, 33 South. 634. Very true this court has refused to apply the said provision in cases where the tax debtor has been in the physical possession of the property. Carey v. Cagney, 109 La. 77, 33 South. 89; Head v. Howcott Land Co., 119 La. 331, 44 South. 117; Bartley v. Sallier, 118 La. 94, 42 South. 657; In re Seim, 111 La. 562, 35 South. 744; In re Sheehy, 119 La. 608, 44 South. 315, and a large number of other cases. But in these cases another and a different principle came into play, and was the real foundation of the decisions, to wit, the principle embodied in the Latin maxim, “quse temporada sunt ad agendum perpetua sunt ad exeipiendum,” the rationale of which is that a party in actual, physical possession does not have to go out and seek his adversary and attack him, but may remain quietly at home and await attack and be always in time to resist it when made. The said constitutional provision does not mention the case of a tax debtor thus in actual possession among the exceptions to the rule which it establishes; but this court thought that to include him within it would be so glaringly inequitable that the framers of the Constitution could not have meant to do so; that the framers of the Constitution could hardly have meant to go against the legal principle above mentioned, which is fundamental in the law of prescription — of universal jurisprudence, and as old as the law itself. Except, therefore, when the tax debtor has been in actual possession, or in the cases of double assessment and prior payment of the tax, and, no doubt, of fraud, which strikes down everything, the sole question must be whether there has been a tax sale. When there has been one, the tax debtor must bring his nullity suit within the 3 years, or else never. Such are the express and explicit terms of the said constitutional provision. This court went very far when it created an exception in favor of the tax debtor in actual possession. It can go no further than this, and hold that although the Constitution makes no mention of possession by the tax purchaser being necessary, but, on the contrary, uses very plain language excluding such an implication, nevertheless. possession is necessary. For *403 mer efforts on the part of the lawmakers of the state to validate tax sales by prescribing a term within which the suit to set them aside should be brought, had proved ineffective, because of one cause or another which the courts had recognized, and the object and purpose of the framers of the Constitution of 1898 was to put an end to all such niceties and distinctions, and by one broad sweep of constitutional provision to validate, after the expiration of the prescriptive period, every tax sale theretofore or thereafter made, no matter what might be the irregularities or nullities affecting it, excepting only in the two cases specially mentioned. That such was the object and purpose of this provision is matter of common knowledge. See, to that effect, the remarks of this court in Terry v. Heisen, 115 La. 1075, 40 South. 461, Doyle v. Negrotto, 124 La. 104, 49 South. 992, and Ashley v. Bradford, 109 La. 654, 33 South. 634, where, by the way, it was held that a provision of this sweeping character is within the powers of a constitutional convention. Needless to say that in carrying out this determination these framers of the Constitution did not stop to take into account any legal fiction, but struck directly at the substance of things, and meant exactly what they said — no more, no less — when they validated, after the term specified, every tax sale except in the two cases specified. They knew perfectly well that the tax sales made in the past, and which they intended to validate, were most of them null, “in a chaotic state,” to adopt the expression of this court in Ashley v. Bradford, supra; and it was this very condition they intended to remedy. They intended to make faulty and chaotic tax titles good. And they did not handicap their remedy by appending legal fictions to it — such as that the holder of the tax title should have possession — but made it straight and clear cut, unqualified, and absolute.
And while, as stated hereinabove, this court has over and over again referred to constructive possession in applying the said remedy, it has never held that such possession is an essential condition of it. That point is now iwesented in this case for the first time. True, in several cases, the court has justified the application of this remedy by invoking this fiction; but it has never held squarely, as it is now asked to do, that this fiction is essential. And we now hold that all that is necessary is that there should have been a tax sale. That its nullities, no matter what they might be, and no matter whether appearing on the face of the tax deed or not, are cured. Of course, a sale which is null in the sense of nonexistence, could not be thus cured; as, for instance, where the property could not be identified, or was not subject to sale; but all sales not null in that sense, but merely annullable, are thus cured. And, indeed, the fact itself of their being thus curable endows them with a potential life which they might not otherwise possess.' There can be no doubt that the framers of the Constitution intended by this provision that they should be cured, no matter what their nullities might be — saving' always in the two excepted cases — and we think this clear intention of the Constitution should be given effect, and that it stands in no need of legal fictions for having full and complete operation.
An implication from the foregoing would be that the court is of opinion that constructive possession does not follow a tax title annullable for causes appearing on its face. We do not wish to be so understood. We express no opinion on that point. However, we. may mention, in this connection, that what was held in the case of Giddens v. Mobley, 37 La. Ann. 417, cited by counsel, was not that possession does not accompany such a title, but that such a title does not afford a basis for good faith. Possession and good faith are not the same thing.
*405 It may be well to mention that the sale involved in Howcott v. Petit, 130 La. 791, 58 South. 574, was not a tax sale, but was a sale made by the state under Act 82 of 1884; and that consequently several of the expressions to be found in the opinion were purely obiter.
Renshaw v. Imboden, 31 La. Ann. 662, another of the cases cited by plaintiffs’ learned counsel, holds that a tax sale which is on its face an absolute nullity is no obstacle to a seizure of the property by a creditor of the tax debtor. The court distinguishes between a tax sale which, though null, is not so on its face, and one which is null on its face. The writer can understand how this can malee a difference in connection with good faith, but not in other respects. In the opinion of the writer the court failed in that case to distinguish between a relative and an absolute nullity; the one not depriving the act of life, nor of effect so long as unassailed in a direct action; the other depriving it of all life, so that any one may disregard it, and may attack it whenever it is set up, anywhere, at any time, in any form of proceeding. The court treated the nullities iu that case as absolute in character, whereas they were in fact merely relative. They could not have been invoked by any. one save the tax debtor, or some one claiming through him- — and could have been ratified by the tax debtor. They were that the advertisement had not been for the full 10 days required by law, and that the adjudication had been for less than the full amount of the taxes, penalties, and costs. But, be that decision as it may, all it holds is that, under our practice, a tax sale null on its face may be collaterally attacked. It does not hold that a nullity is greater,- or more fatal to the validity of a tax sale, according to the manner in which, or the kind of evidence by which, its existence is made to appear. That, for instance, the nullity resulting from failure to give notice of delinquency, or from having advertised in a newspaper not the official journal, is any less destructive of the validity of the sale if made to appear by evidence introduced on the trial, than if appearing on the face of the tax deed. A nullity is a nullity, and does not change its nature, or its potency, from the kind of evidence by which its existence is to be established. Therefore if a tax sale that is null because of either or both of the above-mentioned defects, may serve as a basis for this constitutional prescription when the said nullity does not appear on the face of the deed (and there can be no doubt of it, for the point has been repeatedly decided), so may a tax sale tainted with the same nullities appearing on the face of the tax deed. Both deeds are translative of the property until set aside. Both may be ratified. Both may be cured by the constitutional prescription.
Another decision cited by counsel is Redfield v. Parks, 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327. In that case, as well as in the cases of Moore v. Brown, 52 U. S. (11 How.) 414, 13 L. Ed. 751, and Walker v. Turner, 22 U. S. (9 Wheat.) 541, 6 L. Ed. 155, upon which it is founded, the tax purchaser had been in actual possession during the entire prescriptive period; so that the question of constructive possession following title did not enter into it Its doctrine is simply that the curative provision there involved does not cure a nullity appearing on the face of the tax deed, even where the tax purchaser has been in actual possession. We imagine no one would venture to put upon the radical constitutional provision with which we are concerned in the case at bar a limitation such as this, especially in the light of the well-known history of that provision, and of the purpose it was designed to accomplish. At any rate not in the present condition of our jurisprudence on this point.
*407 [6] In view of our foregoing conclusions, we might have dispensed with any inquiry into whether the tax deed in this case is or not null on its face. We did, however, seek, ex industria, to look into that phase of the case, but discovered that this deed was not in the record; had not been offered in evidence; and its contents had not been otherwise proved. In the absence of such proof, it stands as a prima facie valid deed, and would have to be held to carry constructive possession, if for the curing of its defects such possession were necessary.
The judgment appealed from is therefore set aside, and the suit of plaintiffs’ is dismissed, at their cost in both courts.