BRUNOT, J.
 

 This is a suit to enforce specific performance of a contract to purchase certain property in the city of New" Orleans, described as follows:
 

 “A lot of ground’ with all the buildings and improvements thereon, situated in the 3rd District of the city, in Square 1056-, bounded by Touro, Bourbon, Galvez and Miro Streets, designated by letter ‘C1’ on certificate of survey made by W. E. Wakefield, Surveyor, dated Nov. 26th, 1926, and measures 30 feet front on Touro Street by 96 feet in depth, between parallel lines. Municipal Nos. 2128-30, Touro Street.”
 

 Lot C is a part of lots 7 and 8 of said square 1056, and it was acquired by the plaintiff from Alex Berea on December 29, 1925. Berea acquired the lots 7 and 8 from James M. Williams on May 18,1925, and Williams acquired the said two lots from the succession of Nicholas J. Hoey, September 13, 1892.
 

 The defense to the suit is that plaintiff’s title to the property which defendant contracted to buy is defective in certain respects, and, for that reason, it is unsafe and suggestive of litigation. The alleged defects in the title are based, upon a state tax certificate which is annexed to the sale from the succession of Nicholas J. Hoey to James M. Williams of lots 7 and 8, of which lot O forms a part. A certified photostat copy of this tax certificate purports to show that said lots 7 and 8 were sold by the state tax collector, under the provisions of Act 82 of 1884, for the taxes due thereon, four successive times • — (a) for the taxes of 1873, (b) for the taxes of 1874, 1875, and 1876, (c) for the taxes of 1877, and (d) for the taxes of 1878. At two of these sales E. P. Webb became the adjudicatee of lot 7 and M. J. Holmes of lot 8. At the sale for the taxes of 1874, 1875, and 1876, E. P. Webb became the adjudicatee of both lots, and, at the sale for the taxes of 1878, M. J. Holmes became the adjudicatee of both lots, and as these four tax sales appear upon the records of the state tax collector’s office, uncanceled, it is alleged that they constitute an apparent outstanding title or claim to the property which renders the plaintiff’s title to lot C unmerchantable and suggestive of litigation.
 

 On the issue thus presented, the ease was tried in the civil district court, and, from a judgment decreeing the title of the plaintiff to be good and valid and ordering the specific performance of the contract, as prayed for by plaintiff, the defendant appealed.
 

 We will say at the outset that there is nothing in. the record showing the
 
 registry in the conveymce office
 
 of any one of the four tax sales appearing on the photostat copy of the tax certificate filed by defendant, nor is there any showing that
 
 notarial acts of such sales ever existed.
 
 Defendant does
 
 *357
 
 not even allege in his answer the registry
 
 in the conveyance office
 
 of such sales or the
 
 existence of such notarial acts.
 
 The only averment piade in his answer is as follows:
 

 “That the said tax sales are still extant, uncancelled
 
 and appear on the public records of the State Tax Collector of this
 
 Parish.” 'Ans. art. 5, par. (b).
 

 It is admitted that Book 125 of the conveyance office, covering about the years 1884 and 1885, has been destroyed or lost, and that Book 122 of the conveyance office is too badly mutilated to be relied upon. If defendant had alleged in his answer that notarial acts of the tax sales he invokes had once existed, and had been registered in the conveyance office during the time covered by these books, the admission or proof of the destruction or loss of one of the books and the mutilation of the other would be material only as a predicate upon which to base the right to prove their contents by parol.
 

 None of the facts of the case are disputed. There is no proof whatever of any title or claim to lot C, of record in the conveyance office of the parish of Orleans, other than the title of the plaintiff and that of his authors in title.
 

 There is a conveyance certificate in the name of Nicholas J. Hoey, in the record, which runs from July 29, 1846, to September 13, 1892, the date on which lots 7 and 8 were sold by the succession of Nicholas J. Hoey to James M. Williams. This certificate shows that for more than 45 years prior to September 13, 1892, title to the property involved in this suit was in Nicholas J. Hoey. The recorder of conveyances also certifies that, during that time, the conveyance records do not show the alienation of any part of said property. There is, however, a note to this certificate explaining the loss of Conveyance Book No. 17 and the mutilation of Conveyance Books Nos. 122 and. 125.
 

 It is admitted that plaintiff acquired from Berea, Berea from Williams, and Williams from the succession of Hoey. It is shown that James M. • Williams paid the city and state taxes assessed against the property for the years 1893 to 1924, both inclusive. It is shown that the property was sold to the state for the state taxes for 1892 as the property of Nicholas J. Hoey, and that James M. Williams redeemed the property from the state. It is shown that the plaintiff, upon acquiring the property, took physical possession of it, and built double cottages on it. It is also shown that, prior to plaintiff’s acquisition and possession of the property, no one ever had actual possession of it,'but the author of plaintiff’s title had civil possession, and from 1892 to 1924, the time the record, title was in James M. Williams, it was known in the neighborhood that he was the owner of the property.
 

 It does not appear that either E. P. Webb or M. J. Holmes, the tax adjudicatees named in the tax certificate filed by defendant, paid any of the taxes levied subsequent to 1879 upon the property purchased by them at said tax sales. It does not appear that either of them has asserted any claim upon said property adverse to the original owner or to any of the subsequent vendees of it. Adjudicatees of property sold under Act 82 of 1884, who do not pay, in addition to the price of the adjudication, all taxes levied against the property for the years subsequent to 1879, do not acquire, by such adjudication, any title whatever to said property. Remick v. Lang, 47 La. Ann. 914, 17 So. 461.
 

 Plaintiff has not shown the origin of Nicholas J. Hoey’s title to the property involved in this suit, but he has shown that the recorded title to it was in Nicholas J. Hoey as far back as July 29, 1846, and the conveyance records of the parish show an unbroken chain of title, through plaintiff’s authors in title, from that date to the date of plaintiff’s purchase of the property. For these reasons, we are satisfied that plaintiff’s title is safe,
 
 *359
 
 and that it is not reasonably suggestive of litigation. When the court is so satisfied, it js the established, jurisprudence to compel the promisee to accept the title.
 

 For these reasons, it is decreed that the judgment appealed from be, and it- is, affirmed, at appellant’s cost.