### FEDERAL LAND BANK OF NEW OR-LEANS v. JORDAN, Sheriff, et al. (BARNETTE, Intervener).
#### No. 5009.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

P. E. Brown, of Arcadia, for appellant.

B. F. Barnette, of Arcadia, for appellees.

TALIAFERRO, Judge.

This case presents a sole question of law. Briefly stated, the question is whether the mortgage creditor, who redeems property from the state after it has been adjudicated to the state for delinquent taxes, by payment of the taxes for which the property sold, is subrogated to all the rights, liens, and privileges of the state and other taxing authorities, quoad the property, as he would have been subrogated had he paid such taxes before and to prevent a sale of the property. In other words, by redeeming the property from the state, does the mortgagee simply become an ordinary creditor of the mortgagor, or has he the security for repayment of the amount advanced by him to effect the redemption, as is provided in section 89 of Act No. 170 of 1898, as amended by Act No. 138 of 1924, which reads: "That the State tax collectors on behalf of the State and parish authorities and municipal authorities of the various towns and city governments throughout the State, are hereby authorized and empowered to receive payment from any person other than the person in whose name the property has been assessed, of any taxes demandable by such State, parish or municipal corporations, after the date upon which such tax becomes delinquent and to subrogate the payee of the same to all rights, liens and mortgages of the said State, parish or municipal corporations, incident to or growing out of said tax, and its record in the office required by law. * * *"

Plaintiff held a mortgage on real estate of W. L. Hamner, in Bienville parish. The property was sold to the state for delinquent taxes of 1931 and 1932, and one-tenth of the taxes of the year 1930. It was from the effect of these tax sales that plaintiff advanced the sum of $114.22 to redeem the property. When this was done, the tax collector executed to it formal subrogations covering each year's taxes, and these were duly recorded. Plaintiff foreclosed its mortgage on the land therein described. It brought enough at sheriff's sale to satisfy the mortgage indebtedness and to repay other taxes on the property which the mortgagor had paid, and for which formal subrogations were taken and recorded, plus the $114.22.

Intervener herein, a judgment creditor, is claiming a preference right to said $114.22. The judgment relied upon is next in registry to plaintiff's mortgage on the land involved. His contention is that plaintiff is not protected by subrogation to the rights, liens, and privileges of the state and other taxing authorities for the amount necessary to redeem the property.

The lower court held with intervener and rejected plaintiff's demand to be decreed entitled to the amount involved. Plaintiff appealed.

 The judgment appealed from is clearly erroneous. When plaintiff redeemed the property from the tax sales to the state, it simply paid the taxes for which the property was sold. Had no formal subrogations been taken from the tax collector, legal subrogation would have taken place, and the rank of the rights and privileges flowing therefrom would have related back to the date of filing of the tax rolls, the basis of the paramount lien and privilege enjoyed by the state and other taxing authorities for security for the payment of taxes due them. The fact that formal subrogations were taken and recorded did not alter the legal situation at all.

This question was presented and decided in Sitges v. St. Bernard Syndicate, 169 La. 674, 125 So. 850, 852, wherein the court said:

"But be that as it may, it is no longer a debatable question in this state that a creditor or other person having a right to redeem and does redeem land from a tax sale is subrogated by operation of law to the privilege securing the taxes for which the land was sold, notwithstanding statutory provisions authorizing a conventional subrogation.

"The latest expression of the court is to be found in Timken v. Wisner Estates, 153 La. [262] 264, 95 So. 711; Abbott v. Heald, 128 La. 718, 55 So. 28.

"Indeed, we think this right is fairly deducible from the very statute which authorizes parties other than the tax debtor or owner of the property to make the redemption.

"When property is adjudicated to the state for taxes, the title of the state is inchoate. The land is subject to be redeemed as long as the title remains in the state. The tax lien and privilege is not destroyed by the adjudication, but remains dormant until the land is sold by the state or is redeemed for the owner. If the land is sold by the state, it passes to the purchaser unincumbered with tax liens; but if redeemed for the owner, the liens and privileges are revived and become a fixed charge on the property effective in favor of the party redeeming."

For the reasons assigned, the judgment appealed from is annulled, avoided, and set aside, and there is now judgment in favor of plaintiff recognizing it as entitled to be paid by preference over intervener and third opponent the $114.22 now in the hands of the sheriff of Bienville parish, and said sheriff is hereby ordered to pay said amount over to plaintiff; costs of both courts are assessed against intervener and third opponent.