**BAKER et al. v. DUSON.**

No. 1987.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Percy T. Ogden, of Crowley, for appellants.

Bruner & Chambers, of Crowley, for appellee.

DORE, Judge.

This is an appeal from a judgment sustaining an exception of no cause of action. Plaintiffs, Hebert B. Baker and the Billeaud Lumber Company, seek to annul a tax sale made by the City of Crowley to the defendant, and to cancel its inscription on the conveyance records of the Parish of Acadia.

From the allegations of plaintiffs' petition, together with the annexed documents, which, for the purpose of this exception, must be considered as true, we find that in the year 1931, the Billeaud Lumber Company was the owner of certain lots in the City of Crowley, and the said property was assessed to the company for the taxes of that year by the city. On June 11, 1932, the said property was sold by the city for the unpaid municipal taxes of 1931, the defendant being the tax purchaser by deed regular in form. Neither the lumber company nor Duson, the tax purchaser, paid the State and Parish taxes for the year 1932 (the property being assessed for the year in the name of the lumber company), and on November 4, 1933, the property was adjudicated to the State for the delinquent State and Parish taxes of 1932. The original owner, Billeaud Lumber Company, and the present alleged owner, Baker, plaintiffs, have been in the actual physical possession of the property, but Duson, the defendant, made no effort to take possession of the property under his tax deed nor did the State make any effort to sell or take possession of the property under its deed or adjudication. On January 27, 1937, the lumber company sold the property to plaintiff Baker and Francis Billeaud, *"without guarantee of title* and *free from all incumbrances, except tax sales,"* with subrogation to all rights of warranty against former owners, and "without the restitution of the purchase price for any cause". On February 24, 1937, Francis Billeaud sold his interest in the property to plaintiff Baker without guarantee of title, *free from incumbrances except tax sales.* On February 27, 1937,

a certificate of redemption was issued by the Register, State Land Office, to the effect that the amount of taxes, interest, costs and penalties due for the year 1932 on the property assessed to the lumber company had been paid into the State Treasury, and that the property was redeemed to the said Billeaud Lumber Company, and that the said company was subrogated to all rights, liens and mortgages of the State growing out of the taxes for 1932, *without prejudice to any privileges* of the *municipal corporation for other taxes.*

Plaintiffs base their demand to cancel and set aside the tax deed to defendant on the grounds:

(1) That Duson, defendant-tax purchaser, failed to pay the taxes due on the property to the State and Parish for the subsequent years.

(2) That as more than three years had expired from the date of adjudication in 1933 to the State, the State had become the absolute owner.

(3) That by failing to pay the taxes on the property for subsequent years and by failure to redeem the property in time, defendant Duson *"was cut off"* from the right to redeem the property from the State; and that the State had the right to allow the property to be redeemed *in the name of any party in interest* and/or the original assessed owner.

(4) That the original owner redeemed the property from the State, and the title inured to its benefit and that of plaintiff Baker.

(5) Because Duson, the tax purchaser and defendant, has never exercised any right of ownership and has never had the physical possession of the property.

(6) That the redemption by the original owner inured solely to himself and his assign, plaintiff Baker.

(7) That defendant Duson, tax purchaser, never gave notice of his purchase to the tax debtor.

As the tax deed is regular in form and as plaintiffs do not allege any defect or irregularity prior to the confection thereof, we are only called upon to decide whether or not the tax deed is null and void for the reasons assigned in their petition.

As to the first ground urged, plaintiffs cite the cases of Johnson v. Flick, 167 La. 354, 119 So. 254; Kohlman v. Glaudi, 52 La.Ann. 700, 27 So. 116; Howcott v. Petit, 130 La. 791, 58 So. 574; and Muller v. Mazerat, 109 La. 116, 33 So. 104. These cases have no application to the case at bar in that all of them involved tax sales made under Act No. 82 of 1884, which authorized the sale of property which had been bid in for and adjudicated to the State prior to December 31, 1879.

As to the second ground, the question raised thereby is answered by the decision in the case of Sitges v. St. Bernard Syndicate, 169 La. 674, 125 So. 850, 852, wherein it was decided that the title of property adjudicated to the State for the non-payment of taxes is inchoate and is subject to redemption by any party in interest and/or the original owner as long as the title remains in the State.

We find no merits to grounds 3, 4 and 6, for the reason that the redemption of the property in the name of the former owner had not the effect of cancelling or changing the rights of defendant Duson under his tax deed, the situation after redemption then being as if the property had never been adjudicated to the State. See Sec. 1, Act No. 175 of 1934.

Relative to the fifth ground for the invalidity of the tax title, that is the want of possession by the tax purchaser, the Supreme Court has already decided in the case of Crutchfield v. Moch, 156 La. 211, 100 So. 401, that a tax purchaser becomes the owner of the property under a tax deed without taking physical possession of the property.

As to the seventh ground, that is the want of defendant to give notice of his purchase to the tax debtor, plaintiffs cite no law and we know of none requiring the tax purchaser to give notice to the tax debtor of his purchase of the property.

As plaintiffs make no allegation in the petition to show any invalidity or irregularity in the proceedings leading to and in the confection of the tax deed, and there being no merits in the grounds urged as to the invalidity of the tax deed in contest, the exception of no cause of action was properly sustained.

The judgment is therefore affirmed.